UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOSEPH JONES** | **CIV. ACTION NO. 3:21-02722** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ENVIRONMENTAL OIL RECOVERY, INC.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

On August 23, 2021, Defendant Environmental Oil Recovery, Inc. ("EORI") removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, which requires, *inter alia*, an amount in controversy greater than $75,000. (Notice of Removal). In the parties' Rule 26(f) report, Plaintiff Joseph Jones objected to the court's "subject matter jurisdiction based on an insufficient amount in controversy." (Rule 26(f) Case Mgmt. Report [doc. # 9]). In addition, on December 15, 2021, the court reviewed the record and *sua sponte* questioned whether the amount in controversy exceeded the jurisdictional minimum at the time of removal. (Order [doc. # 10]). Therefore, the court directed EORI to file a memorandum, together with supporting evidence, sufficient to establish by a preponderance of the evidence that the requisite jurisdictional amount was in controversy at the time of removal. *Id*. The court also authorized Jones to file a response (and evidence) thereafter, if needed. *Id*. The undersigned added that if subject matter jurisdiction was found to be absent, then the matter would be remanded to state court. *Id*.

In response to the court's order, EORI filed a memorandum and supporting evidence on December 21, 2021. [doc. # 11]. Jones did not file a response, and the time to do so has passed. Accordingly, the matter is ripe.

## Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. ' 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

In this case, EORI invoked the court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiff and defendant, and an amount in controversy greater than $75,000. 28 U.S.C. ' 1332(a). Jones does not dispute that the parties are completely diverse;[1] rather, he contests that the amount in controversy exceeds $75,000.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks—

---

[1] Jones is a Louisiana domiciliary, and EORI is a Texas corporation, with its principal place of business in said state. *See* Petition and Notice of Removal.

\*       \*       \*

>   **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition. LA. CODE CIV. P. ART. 893 (as amended by Acts 2004, No. 334).[2] Thus, the removing defendant must assert the amount in controversy in the notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014).

Here, Jones challenged, and the court questioned EORI's amount in controversy allegation. In *Dart Cherokee*, the Supreme Court explained that, "[i]n such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee, supra*. Jones did not submit any proof regarding amount in controversy. Nonetheless, because "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court,"[3] the burden rests with the removing defendant to establish the requisite amount in controversy. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (even a plaintiff's failure to object to jurisdiction and her attorney's personal belief that the case was

---

[2] Albeit, plaintiffs are required to allege when their damages are insufficient to support federal jurisdiction. LA. CODE CIV. P. ART. 893A. However, courts have recognized that a party cannot create federal jurisdiction by omission, which is just as likely the result of inadvertence, rather than by design. *See, e.g.*, *Lilly v. Big E Drilling Co.*, Civ Action No. 07-1099, 2007 WL 2407254 (W.D. La. Aug. 20, 2007).

[3] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

3

worth much more than $75,000 does not relieve defendant of its burden to support federal jurisdiction at the time of removal).

To satisfy the preponderance standard, the removing defendant may support federal jurisdiction "in either of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citations and internal quotation marks omitted); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

In the aftermath of *Dart Cherokee*, it is not entirely clear whether a removing defendant may rely on the "facially apparent" method of proof to establish amount in controversy when contested by the plaintiff. *See Statin v. Deutsche Bank Nat. Trust Co.*, 599 Fed. App'x. 545, 546 n.1 (5th Cir. 2014) (noting the potential change wrought by *Dart Cherokee*); *Akins v. Ace Am. Ins. Co.*, Civ Action No. 14-0653, 2015 WL 566678, at *2 (M.D. La. Feb. 10, 2015) (questioning whether the framework remains viable after *Dart Cherokee*); *Mason v. Danza*, Civ. Action No. 17-0744, 2017 WL 7048525, at *2 n.2 (W.D. La. Dec. 28, 2017), *R&R adopted,* 2018 WL 522732 (W.D. La. Jan. 23, 2018) (same).

Nonetheless, to the extent that the "facially apparent" avenue of proof survives *Dart Cherokee*, the court is not persuaded that it is satisfied in this case. In his petition, Jones alleged that, on June 4, 2020, he was injured at work while cutting a vent pipe with a torch, which caused attendant vapors to ignite and explode. (Petition, ¶ 8). As a result of the explosion, Jones

4

incurred the following categories of damages:

    (a) Past, present and future physical pain and suffering;

    (b) Past, present and future mental anguish, emotional distress, anxiety, embarrassment and worry;

    (c) Past, present and future medical care and related expenses;

    (d) Past lost wages;

    (e) Loss of enjoyment of life; and

    (f) Permanent scarring and disfigurement.

(Petition, ¶ 10).

In *Simon v. Wal-Mart, Inc.*, the Fifth Circuit determined that it was not facially apparent that the amount of damages exceeded $75,000 where plaintiff alleged, with little specificity, bodily injury damages from a "severely injured shoulder," plus soft-tissue injuries throughout her body, and past or future medical expenses. *Simon, supra*. The court emphasized that there were no damages allegations for "loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability . . ." *Id*.

The court is not persuaded that the damages allegations here are qualitatively different than those extant in *Simon*. While Jones did claim damages for emotional distress and mental anguish, the extent of those damages remains ambiguous. Furthermore, while Jones seeks recovery for lost wages, he only asked for "past" lost wages, which suggests that he was able to return to work and was not permanently disabled or limited in functioning.

Implicitly recognizing that it was not apparent from the face of the petition that the amount in controversy exceeded $75,000, EORI propounded discovery to Jones pertinent to this

issue, including Interrogatory No. 21 and Jones's answer thereto:

> **Interrogatory No. 21:**
>
> Please state whether or not the damages you are seeking to recover in [this] suit are $75,000.00 or more.
>
> **Answer to Interrogatory 21:**
>
> Unknown at this time inasmuch as Plaintiff continues to have issues with his injured leg and as such, the full extent of his injuries cannot be measured at this time.

(Answers to Interr.; Def. Memo., Exh. A).

In its brief, EORI appears to construe Jones's ambiguous discovery response as a refusal by Jones to limit his damages below the jurisdictional minimum. As the court reads the discovery exchange, however, it merely appears that Jones did not know whether or not his damages exceeded $75,000. A plaintiff's candid admission of uncertainty regarding the full extent of his damages provides scant support towards satisfying defendant's burden of proof.

Even if the discovery response could be interpreted as a refusal by Jones to limit his damages below $75,000.01, it is manifest that a plaintiff is under no obligation to so stipulate, and that his failure to do so represents but one factor that the court may consider in determining whether the amount in controversy is satisfied. *See Jackson v. Ngabonziza*, Civ. Action No. 13-0555, 2013 WL 2286347, at *3 (W.D. La. May 23, 2013) (citations omitted); *McFarland v. Nat'l Interstate Ins. Co.*, Civ. Action No. 21-0314, 2021 WL 2270678, at *4 (M.D. La. June 3, 2021) (plaintiff's failure to affirmatively renounce the right to accept a judgment in excess of $75,000 is insufficient to establish that the requisite amount in controversy is met).

In a further attempt to meet its jurisdictional amount obligation, EORI submitted post-removal evidence, including the following excerpts from Jones's October 21, 2022, deposition,

Q. Is that the only problem you - - I say problem. I mean, a scar is a problem for some people, more so than others. Other than the pain that you had with the laceration, the fear that you had when I assume you thought you were about to get blown up, what other damages - - and your medical bill, the fact you couldn't work for six weeks, what other damages do you feel you have as a result of this incident?

A. I walk on the side of my foot. Most of the time I can't keep a whole lot of weight on it all the time. I've got to prop up and kind of move my foot. But that's just problems I've got to deal with for the rest of my life.

     *   *   *

Q. And you're telling me you walk with a limp now?

A. Kind of.

Q. And it's your left leg?

A. Yes, sir.

     *   *   *

Q. But when you walk now, you say you have to walk on the side of your foot?

A. Yes, sir. Most of the time. It's just sore. It hurts but not all the time. I mean, sometimes when I'm laying around it goes to bothering me and I have to get up and walk around.

Q. Does it hurt when you mash on it?

A. No, sir.

Q. But sometimes when you're walking, the actual place where the laceration is painful?

A. Yes, sir.

Q. And you're telling me if you change the way you walk, it's not as painful?

A. Yes, sir.

> Q. And you walk on the side of your - - I think it's the outside of your foot?
>
> A. Yes, sir.

(Jones, Depo., pgs. 67-69; Def. Memo, Exh. C).

EORI also produced a photograph of Jones's injured leg that depicts what appears to be a pre-sutured, several inches long by one to two inches wide laceration, with exposed muscle, on the left side of Jones's left leg, below the knee. (Photograph, Def. Memo., Exh. B). The wound certainly looks to have been painful at the time of injury and likely to result in a permanent scar that could cause discomfort with movement. However, the wound does not appear to constitute a severe injury. Moreover, Jones testified that the injury had not prevented him from earning any money. (Jones, Depo., pg. 69). There also is no indication of any need for ongoing medical intervention or treatment.

EORI contends that "[t]he fact that Plaintiff has a permanent scar, cannot keep weight on his leg, walks with a limp, and asserts he will have to live with these conditions for the rest of his life supports the exercize [sic] of federal subject matter jurisdiction." (Def. Brief, pg. 6). Typically, however, a removing defendant will support its amount in controversy argument with quantum studies evidencing damages awards recovered by plaintiffs with similar injuries and circumstances. EORI, however, did not do so. In the absence of same, it is not self-evident to the court that it is more likely than not that Jones' injury and damages claims exceeded the jurisdictional minimum at the time of removal.[4]

---

[4] In its brief, EORI argued that based on the petition and Jones's discovery recovery responses, it was obliged to remove the suit to federal court or forever lose its right to do so. (Def. Memo., pg. 6). EORI's professed fear, however, is overblown. *See Matute v. Wal-Mart Stores, Inc.*, Civ.

8

**Conclusion**

Upon consideration of the underlying petition and the supporting evidence, both individually and in combination, the undersigned finds that removing defendant has not satisfied its burden of establishing federal subject matter jurisdiction. *Howery, supra*; 28 U.S.C. § 1332. Accordingly, remand is required. 28 U.S.C. § 1447(c). For these reasons,

IT IS RECOMMENDED that the instant case be remanded to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed. 28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

Action No. 19-0124, 2019 WL 2396870, at *4 (W.D. La. May 21, 2019), *R&R adopted,* 2019 WL 2385194 (W.D. La. June 5, 2019) (discussing what must be included in an "other paper" to make it "unequivocally clear and certain" that the amount in controversy exceeds the jurisdictional threshold, as required to trigger the 30-day removal requirement).

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 21st day of January, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE